**UNITED STATES of America,
ex rel., Appellee,**

**Roland Gibeault; Inge Maudal; Greg K. Hafif, Plaintiffs–Appellants,**

**v.**

**TEXAS INSTRUMENTS CORP.; Gould, Inc.; PSI Tronix, Inc.; Aerospatiale Helicopter Corp., Defendants.**

**No. 95–56660.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 1996.*

Decided Jan. 3, 1997.

Lucy Eldridge, Douglas N. Letter, United States Department of Justice, Washington, DC, for plaintiff-appellee United States of America.

Roland Gibeault, Costa Mesa, CA, plaintiff-appellant pro se.

Inge Maudal, Simi Valley, CA, plaintiff-appellant pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Greg K. Hafif, Law Offices of Herbert Hafif, Claremont, CA, plaintiff-appellant pro se.

William McD Miller, Musick, Peeler & Garrett, Los Angeles, CA, for defendants-appellees Texas Instruments Corp., Gould, Inc., PSI Tronix, Inc. and Aerospatiale Helicopter Corp.

Before: CYNTHIA HOLCOMB HALL, KOZINSKI and HAWKINS, Circuit Judges.

KOZINSKI, Circuit Judge.

The False Claims Act, 31 U.S.C. § 3729 *et. seq.,* authorizes a private suit against a party that has defrauded the United States. If the suit is successful, the government and the plaintiff (or "relator," in the language of the Act) divide the proceeds. 31 U.S.C. § 3730(d). Such suits are known as *qui tam* actions, from the Latin *qui tam pro domino rege quam pro se imposo sequitur,* meaning "he who brings the action for the king as well as for himself."

In *United States ex rel. Killingsworth v. Northrop Corp.,* 25 F.3d 715 (9th Cir.1994), we held that when a False Claims suit is settled rather than adjudicated, the district court is empowered to act "to ensure that the government [receives] its proper share of the settlement." *Id.* at 724. We noted that the language of the Act "authoriz[es] the district court to bar a *qui tam* plaintiff and defendant from artificially structuring a settlement to deny the government its proper share of, the settlement proceeds." *Id.* This is so even when the relator conducts the action; "while the government may not obstruct the settlement and force a *qui tam* plaintiff to continue litigation, [it] nevertheless may question the settlement ... *with or without formal intervention." Id.* (citing 31 U.S.C. § 3730(d))(emphasis added).

Here, relators brought a *qui tam* action against Texas Instruments (TI); the government declined to intervene.[1] Ultimately TI agreed to settle for $300,000—an amount labeled legal fees by the parties and paid to the relators' lawyers. The lawyers then turned over $124,500 to the relators. The district court found that the $124,500 represented proceeds of the *qui tam* action, not legal fees. The court therefore held the relators and the attorneys liable for the government's portion. The district court was not clearly erroneous in finding that the funds turned over by the lawyers to the clients were in fact proceeds. As *Killingsworth* made clear, the court had the power to restructure the settlement to secure the government's share.

The law firm that represented the relators challenges the district court's authority to hold it jointly and severally liable with the relators for the government's share. Because the firm received funds that belonged to the government, it was responsible for turning the money over to its rightful owner. It could not divest itself of that responsibility by transferring funds to its clients.

Appellant Inge Maudal argues that the share of the settlement she received as a relator was hers alone to keep. She is mistaken for the reasons we explain above; we decline to consider Maudal's other claims, presented for the first time on appeal.

**AFFIRMED.**

---

1. The government later intervened for purposes of appeal. *See United States v. Texas Instruments Corp.,* 25 F.3d 725 (9th Cir.1994)(remanding for hearing on government's objections to settlement of this case).